403 S.E.2d 19

**GREG PRINCE DISTRIBUTOR, INC., a West Virginia Corporation, D/B/A Prince Heating and Air Conditioning**

**v.**

**Robert W. BURK, Jr. and H.F. Salsbery, Jr., Trustees for Opal Brown, et al.**

**No. 19645.**

Supreme Court of Appeals of West Virginia.

March 15, 1991.

R. Vance Golden, III, Parkersburg, for H.F. Salsbery, Jr.

Robert K. Tebay, III, Lantz, Palmer, Tebay & Reed, Parkersburg, for Greg Prince Distributor, Inc.

NEELY, Justice:

On 11 November 1977, H.C. and Opal Brown sold a 240 acre tract of land to Highland Enterprises for $331,000.00, and accepted as part of the purchase price a note in the principal amount of $249,000.00, with interest running at seven percent. The deed of trust named as trustees Robert W. Burk and H.F. Salsbery, Jr. Unfortunately, the deed of trust was also acknowledged by H.F. Salsbery, Jr. On the same day, 11 November 1977, the deed of trust was filed in the Wood County Clerk's office.

After the recording of the Brown deed of trust, Highland Enterprises executed a note and a deed of trust for the benefit of Parkersburg National Bank (now United National Bank), which deed of trust specifically stated that it was subject to and junior to the deed of trust held beneficially by the Browns.

Highland enterprise has incurred many debts in the course of developing portions of the Brown tract, and a number of its creditors claim an interest in the Brown tract by virtue of deeds of trust, tax liens, or judgment liens. On 19 May 1988, one of the creditors, appellee Greg Prince Distributors, Inc., brought suit in the Wood County Circuit Court to enforce a judgment it had been awarded against Highland Enterprises in the October 1987 term. Greg Prince contended that the Brown deed of trust was void as to subsequent creditors of Highland Enterprises, because it had been acknowledged by Mr. Salsbery, a trustee. The Browns cross-claimed against Mr. Salsbery for the amount owing them on the note secured by the deed of trust. The circuit court found for Greg Prince Distributors and against Mr. Salsbery.

Mr. Salsbery appealed, claiming that the circuit court should have held that *W.Va. Code*, 37–11–2 [1955] cured the defective acknowledgment so that the deed of trust is enforceable against subsequent creditors as if it had been validly executed. *W.Va. Code*, 37–11–2 [1955] states:

No deed or other writing conveying or purporting to convey or release or assign real estate, or any interest therein, or to create any power of attorney relating to real estate or any interest therein, heretofore made or executed and delivered by

any person or persons whomsoever, or by a husband and wife to a bona fide purchaser for good and valuable consideration, and acknowledged by him or them before an officer duly authorized by law to take such acknowledgments, if such deed, writing or power of attorney was made, executed, acknowledged and delivered prior to the day this section takes effect, shall be deemed, held or adjudged invalid, or defective, or insufficient in law or in equity, by reason of any informality or omission in setting forth the particulars of the acknowledgment made before such officer aforesaid in the certification thereof, or in stating the official character of such officer, or the place of taking the acknowledgment, or by reason of the fact that the wife executed such instrument prior to the execution thereof by the husband, or by reason of the fact that the parties making or executing the instrument or writing, or any of them omitted to seal the same, or by reason of the fact that the official taking the acknowledgment omitted his official seal, or by reason of the failure to set forth the date of the deed or other writing or the date of the acknowledgment in the certification thereof, or by reason of the failure to set forth correctly the date of the deed or other writing or the date of the acknowledgment in the certification thereof; *and if a period of ten years has elapsed from the date of recordation of any deed or other writing, and if said deed or other writing has an acknowledgment considered defective for any reason, then every such deed or other writing shall be as good, valid and effectual in law as if the law with respect to acknowledgments and seals, in force at the date of such acknowledgment had been fully complied with;* and the record of the same duly made in the proper office for recording deeds in the State of West Virginia, or in the state of Virginia before formation of West Virginia, and exemplifications of the same duly certified, shall be legal evidence in all cases in which the original would be competent evidence: Provided, however,

that this section shall not apply to suits now pending and undetermined insofar as it amends laws existing at the time such pending suits were instituted, nor to any suit that may be brought within one year after the day this section takes effect, insofar as it amends laws existing at the time this section takes effect; nor shall this section apply to any deed or other writing which has heretofore been declared or held invalid by any court of competent jurisdiction. [Emphasis added.]

We hold that *W. Va. Code*, 37–11–2 [1955] does cure the defective acknowledgment because the requisite ten years passed before Greg Prince Distributors challenged the Brown deed of trust.

Greg Prince, *et al.*, claim that even if the curative statute does apply, Greg Prince's judgment created vested rights as of the first day of the October 1987 term, which is within the ten year period prescribed in *W. Va. Code* 37–11–2 [1955], and that to apply the curative statute as of the date of Greg Prince's action to enforce the judgment, namely, the curative statute would deprive Greg Prince of its vested rights. In *Eckles v. Wood*, 143 Ky. 451, 136 S.W. 907 (1911), decided just four years before West Virginia's curative statute was first enacted, the Kentucky court addressed the vested rights argument thus:

Cooley, in his Constitutional Limitations, puts the matter in its proper light, on pages 463 and 464, when he says: "Other cases go much further than this, and hold that, although the deed was originally ineffectual for the purpose of conveying the title, the healing statute may accomplish the intent of the parties by giving it effect. At first sight these cases may seem to go beyond the mere confirmation of a contract and to be at least technically objectionable, as depriving a party of property without an opportunity for trial, inasmuch as they proceed upon the assumption that the title still remained in the grantor, and that the healing act was required for the purpose of divesting him of it, and passing it over to the grantee. Apparently, therefore,

there would seem to be some force to the objection that such a statute deprives a party of vested rights. But the objection is more specious than sound. If all that is wanting to a valid contract or conveyance is the observance of some legal formality, the party may have a legal right to avoid it; but this right is coupled with no equity, even though the case be such that no remedy could be afforded the other party in the courts. The right which the healing act takes away in such a case is *the right in the party to avoid his contract*—a naked legal right which it is usually unjust to insist upon, and which no constitutional provision was ever designed to protect. As the point is put by Chief Justice Parker of Massachusetts, a party cannot have a vested right to do wrong; or, as stated by the Supreme Court o New Jersey: 'Laws curing defects which would otherwise operate to frustrate what must be presumed to be the desire of the party affected cannot be considered as taking away vested rights. Courts do not regard rights as vested, contrary to the justice and equity of the case.' "

143 Ky. at 455–56, 136 S.W. at 909. The justice and equity of the case before us dictates that the Browns should retain the benefit of their deed of trust.

The deed of trust was recorded in such a manner that it gave notice to subsequent creditors, and giving notice is the primary purpose of recording. Thus, it is perverse for a subsequent creditor, more than a decade later, to demand that it be treated as if the recorded deed of trust gave no notice. It does not serve the ends of justice to have eager lawyers poring over ancient documents to find where an "i" was not dotted or a "t" not crossed, so that their clients may receive a windfall at the expense of the innocent victims of clerical errors. Hence, the curative statute involved here allows people like the Browns to rest easy after ten years, confident in the rights they have relied on for so long.

For the reasons given above, the decision of the Circuit Court of Wood County is reversed and remanded for proceedings consistent with this opinion.

Reversed.